BOWLAVAR, INC., et al., appellants, v. LOCAL 90, GENERAL TEAM AND TRUCK DRIVERS, HELPERS AND WAREHOUSEMEN'S UNION, officers et al., appellees.

No. 50344.

(Reported in 109 N.W.2d 22)

MAY 2, 1961.

Robert E. Dreher and Charles F. Wennerstrum, both of Des Moines, for appellants.

Connolly, O'Malley & McNutt and Robert E. Conley, all of Des Moines, for appellees.

THOMPSON, J.—The plaintiffs on February 6, 1961, brought their action in the Polk County District Court alleging certain unfair labor practices against the defendants through illegal picketing, interference with contract relations between plaintiffs and their employees and their suppliers of merchandise and services, trespassing upon plaintiffs' property, and conspiracy to force the plaintiffs, through threats and coercion, to compel

plaintiffs to recognize the defendant union by employing only members of the union. Injunctive relief both temporary and permanent was asked. The trial court set the application for a temporary injunction for hearing on February 9, 1961.

Thereupon the defendants filed their special appearance, asserting that the matter was within the jurisdiction of the National Labor Relations Board, hereinafter referred to as the Board, and the State court had no jurisdiction, at least until such time as the Board had declined to accept jurisdiction. On February 10 following, the trial court sustained the special appearance and dismissed plaintiffs' petition although stating that it felt its action was futile because it was convinced the Board would not accept jurisdiction. From this ruling appeal was duly taken to this court.

In the meantime, and on February 24, 1961, an unfair labor practices charge was filed by the plaintiffs with the Board which on March 2 next declined to accept jurisdiction. No appeal from this ruling was taken by either party, and the time therefor expired on March 15, 1961. We are now confronted by the defendants with a motion to dismiss the appeal on the ground that all questions of jurisdiction are moot, since the jurisdiction of the State court has been established under the provisions of section 14(c)(1) and (2) of the National Labor Relations Act as amended in 1959. See section 164(c)(1) and (2), 29 U. S. C. A.

I. We have often held that we will not decide moot questions. Nitta v. Kuda, 249 Iowa 853, 857, 89 N.W.2d 149, 151. Whatever may have been the situation before the action of the Board, it is apparent that the jurisdiction of the State court is now established, and it has the power and the duty to deal with the questions presented by plaintiffs' petition. We understand this to be the tenor of defendants' motion to dismiss the appeal, and we accept it in that light. The motion would not be good if any rights of the parties would still be affected by a consideration of the appeal.

It now appearing that the District Court of Polk County has jurisdiction, the motion to dismiss the appeal is granted, with the provision that the trial court's order of dismissal of

the petition is set aside and the matter is remanded for further proceedings on the issues raised therein.

Motion to dismiss granted, with directions.

All JUSTICES concur.